[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10714
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00234-WSD-JFK-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE VEGA-CERVANTES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 20, 2016)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Vega-Cervantes challenges, as substantively unreasonable, his above-guidelines sentence of 92-months' imprisonment for conspiracy to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). After reviewing the record and the parties' arguments, we conclude that, at bottom, Mr. Cervantes simply disagrees with the sentencing balance struck by the district court. We affirm his sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007). Mr. Cervantes, as the party challenging the sentence, has the burden of demonstrating that the sentence is unreasonable in light of the record and the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (*quoting United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). Under our deferential standard of review, "we are to vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of

2

reasonable sentences dictated by the facts of the case.'"  *Id.* at 1190 (*quoting United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Mr. Cervantes advances three main arguments.  He argues that the district court gave undue weight to his description of his crime as a "mistake," which was actually a word selected by the court interpreter, during his allocution.  He also claims that the upward variance was based on the mistaken belief that the guidelines fail to account for deterrence and the quantity of methamphetamine involved in the offense.  Lastly, Mr. Cervantes asserts that the district court improperly imposed a sentence that ignored recent changes to the guidelines allowing him a two-level decrease in his offense level based on his minor role. None of these arguments are convincing, and a review of the record does not leave us with the definite and firm conviction that Mr. Cervantes' sentence was the product of a clearly erroneous weighing of the § 3553(a) factors.

The district court began the sentencing hearing by resolving factual objections to the pre-sentence investigation report and legal, guidelines-related objections.  After disposing of the guideline issues, the district court determined that Mr. Cervantes' advisory guidelines range was 63 to 78 months, and that his statutory maximum penalty was life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A). The district court then afforded both sides the opportunity to present their sentencing recommendations.  Defense counsel asked for 54 months and the

government requested a sentence somewhere near the bottom end of the guidelines.

Mr. Cervantes then spoke through a court interpreter.  In two sentences, he apologized for his "mistake" and expressed the desire to return to his country and work for his family. The district court lambasted him for describing his crime as a mistake.  Chastising him for the apparent lack of remorse, the district court stated:

> [Y]ou stand up today and say you made a mistake, that you're sorry and you just want to go home, no expression of any concern about the impact that this would have had on people, no real[] acceptance that you shouldn't have done this, that you had the chance to say no but didn't, and wanted to hang around after [the delivery] . . . to make sure that you got paid.

D.E. 131 at 39.   It additionally noted that Mr. Cervantes' lack of knowledge regarding how much methamphetamine he was helping transport evidenced a cavalier attitude towards the would-be victims.

In an explanation spanning several pages in the transcript, the district court detailed the effects of methamphetamine and its deadly toll on society.  Given the gravity of the offense, the district court emphasized the importance of general deterrence and explained that, in its view, the light sentence recommended by the guidelines would not sufficiently promote respect for the law and deter others.  *See* D.E. 131 at 40.   The district court stated it had considered all of the § 3553(a) factors and concluded that an above-guidelines sentence was necessary to achieve the purposes of sentencing. Finally, the district court added that, even setting aside

4

the remorseless attitude Mr. Cervantes had displayed, the sentence was consistent with, and proportionate to, sentences it had imposed in the past for similar conduct. *See* D.E. 131 at 44. In the end, the district court varied upward from the top end of the guidelines range by 14 months and imposed a sentence of 92 months' imprisonment.

Mr. Cervantes claims that concluding that he was unrepentant from a single word—a word he implies was incorrectly selected by the interpreter—in his allocution was erroneous. But we cannot possibly fault the district court for relying on the official translation, especially when Mr. Cervantes never sought to correct any apparent error. In fact, he still has not told us what Spanish word he used and what its proper contextual translation is.

More importantly, Mr. Cervantes attacks the district court's finding in isolation, ignoring the broader context in which it was made. The district court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case" because it "sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall*, 552 U.S. at 51. There is no question that there was more to the district court's finding than one word. The district court, for instance, questioned Mr. Cervantes on his knowledge of the quantity of methamphetamine he was helping transport. *See* D.E. 131 at 37–38. When he responded that he did not

5

know at the time, the district court cited this lack of knowledge as an indication that Mr. Cervantes lacked empathy towards the people the drugs harmed.  In short, the district court did not rely solely on the word "mistake" in finding that Mr. Cervantes was unrepentant because, as the record shows, it engaged in a meaningful colloquy with Mr. Cervantes, considered the entire record, and arrived at its conclusion after observing him.

Mr. Cervantes also argues that his upward variance was premised on the mistaken belief that the guidelines failed to account for deterrence and the quantity of methamphetamine.  Inherent in a system of advisory guidelines is that a district court is free to arrive at a different sentence than the one suggested by the guidelines, as long as the sentence is consistent with the purposes of punishment pronounced in § 3553(a).  *See United States v. Booker*, 543 U.S. 220, 244–49 (2005) (rendering guidelines advisory).  That is precisely what the district court did here, concluding that 92 months was necessary to deter others from engaging in methamphetamine distribution and that the recommended guidelines range was too lenient given the drug quantity involved and the serious consequences of methamphetamine use.  Varying upward by 14 months was not unreasonable, particularly because Mr. Cervantes' statutory maximum was life imprisonment. *See United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006) (affirming a sentence as reasonable in part because it was well below the statutory maximum).

6

*See also United States v. Osorio-Moreno*, 814 F.3d 1282, 1284 (11th Cir. 2016) (affirming 120-month sentence where advisory guidelines range was 51 to 63 months).

Finally, Mr. Cervantes argues that the district court imposed an above-guidelines sentence to avoid unwarranted sentencing disparities between himself—who received a minor role reduction—and other similarly situated defendants who had not. This argument is equally meritless. The district court explained that the 92-month sentence was proportionate to other sentences it had imposed in the past for similarly situated defendants. Nothing in the record suggests that the district court ignored Mr. Cervantes' minor role. Indeed, as the government points out, had the district court truly ignored Mr. Cervantes' two-level guidelines reduction, it would have imposed a sentence in the range of 135 to 168 months.

Accordingly, we affirm Mr. Cervantes' sentence as reasonable.

**AFFIRMED.**